# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SERAFIN MONTALVO DAVILA,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. C06-3060-MWB<br>(No. CR01-3006-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
　　*A. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . 2
　　*B. The Petitioner's Charges, Plea, and Sentence* . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
　　*A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . 6
　　*B. Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
　　*C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . 9
　　　　1. 　*Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . 9
　　　　2. 　*Failure to object to sentencing enhancement* . . . . . . . . . . 11
　　　　3. 　*The prosecution's appeal* . . . . . . . . . . . . . . . . . . . . . 12
　　　　4. 　*Double Jeopardy* . . . . . . . . . . . . . . . . . . . . . . . . . . 14
　　*D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I. INTRODUCTION AND BACKGROUND

### A. *The Petitioner's § 2255 Motion*

This case comes before the court pursuant to petitioner Serafin Montalvo Davila's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 1). Petitioner Davila raises three grounds for relief in his motion. First, petitioner Davila claims that his counsel was ineffective because counsel failed to object to a 36 month enhancement for absconding and to paragraph 6 of the Presentence Investigation Report ("PSR"), which set out the events leading to Davila's fugitive status and which the court used as a basis to enhance his sentence. Second, petitioner Davila argues that his appellate counsel was ineffective in failing to contend that the prosecution did not have standing to file its appeal and that it filed its appeal after his sentence was final. Third, petitioner Davila alleges that his appellate counsel was ineffective in not arguing that the prosecution subjected him to double jeopardy by filing an appeal of his sentence, causing him to be resentenced. With respect to the first issue, respondent argues that petitioner Davila's counsel did object to enhancement for absconding and showed sound judgment in not objecting to paragraph 6 of the PSR because the obstruction in this case was proven by the records and filings in this case. Regarding the second issue, respondent contends that it had standing to appeal petitioner Davila's sentence pursuant to 18 U.S.C. § 3731 and that its appeal was timely pursuant to Federal Rule of Appellate Procedure 4(b)(1)(B). Finally, concerning the third issue, respondent asserts that the Double Jeopardy Clause does not prohibit the imposition of a greater sentence after a successful appeal by the prosecution.

## B. *The Petitioner's Charges, Plea, and Sentence*

On February 6, 2001, an indictment was returned against petitioner Davila, charging him with possession with intent to distribute more than 500 grams of methamphetamine, and aiding and abetting the possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. Petitioner Davila was released on an unsecured bond with pretrial supervision, but absconded on August 14, 2001. On August 16, 2001, the court issued a warrant for petitioner Davila's arrest and revoked Davila's pretrial release. On September 19, 2003, petitioner Davila was arrested in Arizona and returned to Iowa on October 14, 2003. On January 29, 2004, petitioner Davila pled guilty to Count 1 of the indictment. The United States Probation Office prepared a PSR which calculated petitioner Davila's sentencing range under the United States Sentencing Guidelines to be 292 to 365 months imprisonment. The sentencing range was based on a criminal history category of I and a total offense level of 40, which included a two-level enhancement for obstruction of justice arising out of petitioner Davila's absconding from pretrial release.

After petitioner Davila pleaded guilty but before he was sentenced, the Supreme Court handed down its decision in *Blakely v. Washington,* 542 U.S. 296, 301-306 (2004). Based on *Blakely,* petitioner Davila objected to the PSR's recommended obstruction of justice enhancement, arguing the Guidelines were unconstitutional and the enhancement "cannot constitutionally be determined solely by the Judge." Petitioner Davila, however, did not object to paragraph six of the PSR, which explained the events surrounding Davila's absconding from pretrial release:

> On August 14, 2001, the defendant absconded and a Non-Compliance Memorandum was filed. It was determined the defendant and his family moved [to Arizona] approximately one week prior to the non-compliance memorandum being

> filed. On August 16, 2001, a petition for revocation of pretrial release was filed by the U.S. Attorney's Office and a warrant was issued by [a federal magistrate judge] on the same day.

PSR at ¶ 6.

On October 1, 2004, the court held the Sentencing Guidelines unconstitutional based on *Blakely* and sentenced petitioner Davila to 156 months imprisonment. In arriving at this sentence, the court took judicial notice of paragraph 6 of the PSR and the underlying court documents detailing Davila's absconding. Tr. at 8. The court observed that:

> Had it not been for paragraph 6, I would have sentenced at the mandatory minimum in this case of 120 months. I've gone ahead and added 36 months on to that sentence based on paragraph 6 and the underlying court documents that I believe Mr. Fletcher is absolutely correct, I have a right to take judicial notice of.

Tr. at 8.

On November 4, 2004, the prosecution appealed petitioner Davila's sentence. Petitioner Davila then filed a cross-appeal. On appeal, the prosecution contended that the court erred in holding the Sentencing Guidelines unconstitutional. Petitioner Davila argued that the court violated *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) by making factual findings to enhance his sentence from 120 to 156 months imprisonment. While the case was on appeal, the United States Supreme Court decided *United States v. Booker,* 543 U.S. 220 (2005). In light of the *Booker* decision, the Eighth Circuit Court of Appeals vacated defendant Davila's sentence and remanded the case for resentencing pursuant to the standards announced in *Booker*. *See United States v. Davila*, 418 F.3d 906, 909-10 (8th Cir. 2005). Nonetheless, the court of appeals addressed and rejected petitioner Davila's contention that the court violated the Sixth Amendment by enhancing his sentence based on the obstruction of justice enhancement for absconding during pretrial release:

4

> Because we are reversing the district court and remanding for resentencing, Davila's cross-appeal could be considered moot. However, Davila failed to object to the factual allegations contained in the PSR, which is deemed an admission for sentencing purposes. *United States v. McCully,* 407 F.3d 931, 933 (8th Cir. 2005) (holding "a fact in the PSR not specifically objected to is admitted for purposes of *Booker*"); Fed.R.Crim.P. 32(i)(3)(A) (stating a sentencing court "may accept any undisputed portion of the [PSR] as a finding of fact"). Thus, the district court did not violate the Sixth Amendment by enhancing Davila's sentence because Davila is deemed to have admitted the facts contained in the PSR that support an obstruction of justice enhancement for absconding from the jurisdiction during pretrial release. *See, e.g., United States v. Devono,* 413 F.3d 804, 805 (8th Cir. 2005) (per curiam) (holding no Sixth Amendment violation occurred because the defendant admitted the facts supporting a sentencing enhancement by failing to object to the PSR); *McCully,* 407 F.3d at 933 (holding defendant's "Sixth Amendment rights were not violated because she admitted the facts supporting the enhancements by failing to object to the PSR").

*Davila*, 418 F.3d at 910.

At his resentencing, the court determined petitioner Davila's base offense level to be a 36 and increased it two points, on the obstruction of justice enhancement for absconding, for an adjusted offense level of 38. Finding that petitioner Davila's criminal history placed him in category I, petitioner Davila's guideline range was 235 months to 293 months. The court granted petitioner Davila a downward variance based on his role and sentenced petitioner Davila to 200 months imprisonment. Neither party appealed petitioner Davila's sentence on remand.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of petitioner Davila's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v.*

> *Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to

support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Davila's claims for § 2255 relief.

### B. *Evidentiary Hearing*

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255. *See also Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'") (quoting *Sanders v. United*

8

*States*, 341 F.3d 720, 722 (8th Cir. 2003)). Based on the reasons set forth below, the court finds that the record conclusively shows that petitioner Davila entitled to no relief and will, therefore, not hold a hearing in this case. *See id*.

### C. Ineffective Assistance Of Counsel

*1. Applicable Standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's

9

performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure to object to sentencing enhancement*

Davila's first claim for § 2255 relief is that his counsel provided ineffective assistance by failing to object to the obstruction of justice enhancement for absconding and to paragraph 6 of the PSR, which provided a factual basis for the obstruction of justice enhancement. Petitioner Davila's claim is partially based on an incorrect factual premise. Petitioner Davila's counsel did object to the obstruction of justice enhancement for absconding, PSR at ¶¶ 24, 31, but did not object to paragraph 6 of the PSR. The respondent counters that Davila's counsel's determination not to object to paragraph 6 was a reasonable one given that the records and filings in this case established Davila's flight. The court agrees. Counsel is not required to make frivolous objections to avoid a charge of ineffective representation. See *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir.) ("Failure

11

to raise meritless objections is not ineffective lawyering; it is the very opposite."), *cert. denied,* 513 U.S. 966 (1994); *see also Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000) (failure by counsel to do something that would have been futile is not ineffective assistance); *United States v. Arena*, 180 F.3d 380 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance."). A two-level enhancement for obstruction of justice is appropriate where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction. . . ." U.S.S.G. § 3C1.1. Application Note 4 of § 3C1.1 contains a "non-exhaustive list" of examples of the types of conduct to which the obstruction-of-justice enhancement applies, and instructs that the enhancement is appropriate where the defendant has engaged in "escaping or attempting to escape from custody before trial or sentencing. . . ." U.S.S.G. § 3C1.1, cmt. n. 4(e). Here, given that the record is replete with evidence that Davila absconded for two years, *see* docket nos. 15, 40, 41, 61, 62, 63, 64, 65 and 66, an objection to paragraph 6 of the PSR would have been meritless. Therefore, counsel did not perform deficiently by failing to object to paragraph 6 of the PSR. *Ledezma-Rodriguez*, 423 F.3d at 836 (an ineffective assistance of counsel claim requires proof of deficient performance by counsel); *see also Strickland*, 466 U.S. at 687. Accordingly, petitioner Davila is not entitled to relief on this claim.

### 3. *The prosecution's appeal*

Davila next contends that his counsel was ineffective in failing to challenge the prosecution's standing to appeal and that it filed its appeal after petitioner Davila's sentence was final. Respondent counters that it had standing to appeal Davila's sentence and that its appeal was timely under Federal Rule of Appellate Procedure 4(b)(1)(B).

The prosecution's specific statutory authority to appeal a sentence in a criminal case is contained in 18 U.S.C. § 3742(b).[1] *See United States v. Honken*, 184 F.3d 961, 963 (8th Cir. 1999) ("This court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3742(b), which provides that the United States may file a notice of appeal for review of an otherwise final sentence . . ." ). Accordingly, the prosecution was authorized to

---

[1]Section 3742(b) provides:

> **(b) Appeal by the Government.**--The Government may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;
>
> (3) is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the minimum established in the guideline range, or includes a less limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the minimum established in the guideline range; or
>
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
>
> The Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General.

18 U.S.C. § 3742(b).

appeal petitioner Davila's original sentence and his counsel did not perform deficiently in failing to challenge the prosecution's authority to do so.

Similarly, the court concludes that petitioner Davila's counsel did not perform deficiently in failing to challenge the timeliness of the prosecution's appeal. Under Federal Rule of Appellate Procedure 4(b)(1)(B), in a criminal case the prosecution has thirty days to appeal from "the later of: (i) the entry of the judgment or order being appealed; or (ii) the filing of a notice of appeal by any defendant." FED. R. APP. P. 4(b)(1)(B). Accordingly, under this rule, the prosecution's notice of appeal had to be filed within thirty days of October 5, 2004, the date when judgment was entered. The prosecution satisfied this condition when it filed its notice of appeal on November 4, 2004. Thus, under Rule 4(b)(1)(B)(i), the prosecution's notice of appeal was timely. Therefore, petitioner Davila is not entitled to relief on this claim.

### 4. *Double Jeopardy*

Davila also argues that his counsel was ineffective in failing to contend that the Double Jeopardy Clause barred the prosecution's appeal of his sentence. Respondent contends that under clearly established federal precedent, the Double Jeopardy Clause does not prohibit the imposition of a greater sentence after a successful appeal by the prosecution.

The Double Jeopardy Clause of the Fifth Amendment prevents criminal defendants from being "twice put in jeopardy" in connection with the same offense, a guarantee that includes a second prosecution for the same offense after either conviction or acquittal as well as the imposition of multiple punishments. *United States v. DiFrancesco,* 449 U.S. 117, 129 (1980). In *DiFrancesco*, the Supreme Court held that the prosecution's appeal of a criminal sentence did not violate the Double Jeopardy Clause. *Id.* The Court ruled the prosecution's appeal of a sentence in a criminal case passed constitutional muster

14

because sentences, as opposed to verdicts of acquittal, are not final. *Id.* at 134-35. The Court noted that the Double Jeopardy Clause was designed as a "bar against repeated attempts to convict," not to prohibit review of a sentence. *Id.* at 136. Thus, petitioner Davila's 200 month sentence on remand does not violate the Double Jeopardy Clause. *See id.*; *see United States v. Evans*, 314 F.3d 329, 333 (8th Cir. 2002) (holding that where a defendant is sentenced on multiple counts, he has no legitimate expectation of finality in any specific portion of the sentencing package after a partially successful appeal, "'there is no double jeopardy bar to enhancing an unchallenged part of an interdependent sentence to fulfill the court's original intent.'") (quoting *United States v. Harrison,* 113 F.3d 135, 138 (8th Cir. 1997)). Accordingly, his counsel was not ineffective in failing to raise as an issue on direct appeal that the Double Jeopardy Clause barred the prosecution's appeal of his sentence.

### D. *Certificate Of Appealability*

Denial of petitioner Davila's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*,

537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that petitioner Davila has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Davila's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, petitioner Davila does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III. CONCLUSION

Petitioner Davila's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of

substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 25th day of September, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA